IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re the matter of: | NO. 19 B 08113 |
| SABRINA N. FRANKLIN, | JUDGE LASHONDA A. HUNT |
| Debtor. | Chapter 13 |

## OBJECTION TO CONFIRMATION

Now comes CREDIT ACCEPTANCE CORPORATION, a creditor herein, by SHERMAN & PURCELL LLP, its attorneys, and for its objection to confirmation of the Debtor's proposed Chapter 13 plan respectfully represents as follows.

1. That CREDIT ACCEPTANCE CORPORATION is a creditor of the Debtor with respect to a debt secured by a lien on a 2012 Chrysler 300 motor vehicle, with a net balance due as of the petition date in the amount of $9,712.91.

2. That the Debtor's plan fails to require the Debtor to turn over any and all income tax refunds received during the pendency of this case.

3. That the monthly plan payment proposed by the Debtor for the claim of CREDIT ACCEPTANCE CORPORATION is not sufficient to provide adequate protection.

4. That the proposed interest rate on the secured claim of CREDIT ACCEPTANCE CORPORATION is not sufficient and provide adequate protection, and fails to protect CREDIT ACCEPTANCE CORPORATION from the many risks inherent in this case, some of said risks to be addressed herein.

12. That the Petition for Relief in this case was not filed in good faith and the Debtor's plan has not been proposed in good faith.

WHEREFORE, CREDIT ACCEPTANCE CORPORATION prays that this Honorable Court enter an Order denying confirmation of the Debtor's proposed Chapter 13 plan, for entry of an Order dismissing this Chapter 13 case, and for such other and further relief as this Court may deem just and equitable.

CREDIT ACCEPTANCE CORPORATION

BY: \_\_\_\_\_/s/ Michael L. Sherman_____
MIICHAEL L. SHERMAN,
One of its Attorneys

MICHAEL L. SHERMAN
SHERMAN & PURCELL LLP
120 South La Salle Street
Chicago, Illinois 60603
Phone: (312) 372-1487
Atty. for CREDIT ACCEPTANCE CORPORATION

CERTIFICATE OF SERVICE

I, the above signed attorney, certify that on April 18, 2019, I electronically filed the foregoing Objection to Confirmation with the Clerk of the Court using the ECF system which sends notifications of such filing to the following:

Mr. David M. Siegel, Attorney for the Debtor
Ms. Marilyn O. Marshall, Chapter 13 Trustee
Patrick S. Layng, U.S. Trustee

5. That the Debtor's plan fails to require that CREDIT ACCEPTANCE CORPORATION shall retain its lien on the vehicle until such time as all amounts due and owing under the retail installment contract between the parties have been satisfied in full. That the proposed pre-confirmation adequate protection amount is ridiculously low, and fails to provide any adequate protection whatsoever. This provision appears to be a part of a scheme by the Debtor to perpetrate a fraud on CREDIT ACCEPTANCE CORPORATION.

6. The vehicle was first purchased by the Debtor on or about March 2, 2019, approximately three weeks prior to the filing of this Chapter 13 bankrurpyc case. In addition, the contract reflects that the Debtor made a cash down payment of $4,500.00 as a part of the purchase of that vehicle on March 2, 2019. That those funds could have been used to pay the attorney's fees to Debtor's attorney in this case, rather than going out and purchasing a new vehicle.

7. That, despite the fact set forth above, the Debtor is proposing a ten percent dividend to unsecured creditors, who also could have been paid had the Debtor chosen another course of action.

8. That the Debtor was well aware of the fact he intended to file bankruptcy in the near future at the time he purchased the vehicle.

9. That the Debtor's plan provides that property of the estate will vest in the Debtor upon plan confirmation. CREDIT ACCEPTANCE CORPORATION objects to any such vesting, unless it is subject to the lien of CREDIT ACCEPTANCE CORPORATION.

10. That, in order to address the good faith issue and other issues in this case, the Debtor should be required to give CREDIT ACCEPTANCE CORPORATION the benefit of its bargain.

11. That CREDIT ACCEPTANCE CORPORATION objects to any payment of attorney's fees to the Debtor until such time as all amounts due and owing to CREDIT ACCEPTANCE CORPORATION have been paid in full. Any amounts allowed for Debtor's attorney's fees should be subordinated to any and all other claims.